IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY **FILED**

IN THE DISTRICT COURT

STATE OF OKLAHOMA

JAN 0 6 2023

POTTAWATOMIE COUNTY OK
VALERIE N. VELTZER, COURT CLERK
BY

| | | |
|---|---|---|
| MATTHEW LIGON and | ) | |
| APRIL LIGON, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. CJ-23-8 |
| vs. | ) | |
| | ) | |
| | ) | |
| (1) THE BOARD OF COUNTY | ) | |
| COMMISSIONERS FOR THE COUNTY OF | ) | |
| POTTAWATOMIE COUNTY *ex rel* | ) | **ATTORNEY'S LIEN CLAIMED** |
| SHERIFF OF POTTAWATOMIE COUNTY, | ) | **JURY TRIAL DEMANDED** |
| (2) DAVID DEWITT, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW Matthew Ligon and April Ligon, Plaintiffs, by and through their attorney of record, Alan M. Taylor of Palmer Law PLC, and for his causes of action against Defendants, upon information and belief, allege as follows.

## JURISDICTION

1.    Plaintiffs are and were at all relevant times herein, a resident of Pottawatomie County, State of Oklahoma.

2.    Defendant, Board of County Commissioner for the County of Pottawatomie County is a political subdivision of the State of Oklahoma which is located in Pottawatomie County.

3.    Upon information and belief, Defendant David Dewitt ("Deputy Dewitt" or "Dewitt") is a resident of Pottawatomie County, and at all times described herein, Deputy Dewitt was employed by the Pottawatomie County Sheriff's Department and was acting within the scope of his employment and under color of law. Deputy Dewitt is sued in his individual capacity for his personal involvement and participation in the violation of Plaintiff's rights, while acting under color of State law, as set forth herein.

**Page 1 of 4**

EXHIBIT 2
Page 1 of 4

4.   Actions and damages complained of herein occurred in Pottawatomie County, State of Oklahoma.

5.   Plaintiffs complied with the statutory provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.* (hereinafter GTCA) by filing a Notice of Claim on May 4, 2022. The Notice of Claim was deemed denied on August 2, 2022, and this action is brought within One-Hundred Eighty (180) days from the rejection of said claim pursuant to the GTCA.

## PLAINTIFF'S CAUSES OF ACTION

6.   Plaintiffs incorporate paragraphs 1-5 herein by reference.

7.   On or about the afternoon of November 3, 2021, while acting in his official capacity, Officer David Dewitt (hereinafter "Dewitt") of the Pottawatomie County Sheriff's Department was attempting to serve a search warrant on a third-parties residence.

8.   However, Dewitt wrongfully served Plaintiffs' residence.

9.   Dewitt shot two dogs owned by Plaintiffs.

10.   Dewitt's shooting of the two dogs resulted in death to the first dog, and serious injury to the second dog.

11.   Dewitt's wrongful acts and/or omissions described herein above were reckless, intentional, and/or malicious.

12.   Dewitt's wrongful acts and/or omissions described herein above were in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

13.   Dewitt's wrongful acts and/or omissions described herein above were negligence, conversion, trespass to chattel, intentional and/or negligent infliction of emotional distress, and a taking under the Fifth Amendment of the United States Constitution.

14.   Therefore, due to Dewitt's wrongful acts and/or omissions described herein above, Plaintiff demands $175,000.00 (or the maximum amount currently allowable under 51 O.S. § 154,

EXHIBIT 2
Page 2 of 4

whichever is greater) as satisfaction of his claims and causes of action for injuries; physical, mental, past, present and future as a result of this incident.

15.     Moreover, Plaintiffs demand $25,000.00 (or the maximum amount currently allowable under 51 O.S. § 154, whichever is greater) as satisfaction of his claims and causes of action for loss of property.

## PUNITIVE DAMAGES

16.     Plaintiffs incorporate paragraphs 1-15 herein by reference.

17.     Pursuant to 23 O.S. § 9.1, Plaintiffs are also entitled, if warranted by the Court, to an additional sum of punitive damages designed to punish Defendants, serve as warning to others, and deter similar conduct, based upon the severity of the conduct and the wealth of Defendants.

WHEREFORE, the Plaintiffs, Matthew Ligon and April Ligon, pray that this Court enter judgement against the Defendants in the amount of $200,000.00, (or the maximum amount currently allowable under 51 O.S. § 154, whichever is greater) together with costs, interest, and any other relief which this Court deems just and reasonable.

Respectfully Submitted,

Alan M. Taylor, #35351
PALMER LAW
1609 Arlington
Ada, OK 74820
(405)885-0890
taylor@callpalmer.com

ATTORNEY FOR PLAINTIFF

EXHIBIT 2
Page 3 of 4

<u>VERIFICATION UNDER RULE 4(c)</u>

STATE OF OKLAHOMA   )
                          )     ss.
COUNTY OF Oklahoma  )

      Pursuant to Rule 4(c) of the Rules for District Courts of Oklahoma, Kendra Blocker of Palmer Law PLC, attorney of record for Plaintiff, being first duly sworn upon oath, states the <u>exhibits provided and facts stated to counsel by Plaintiff</u>, and other proof will show the fact issues raised herein, and will suffice until a hearing or stipulation can be provided.

                                     Alan M. Taylor, #35351
                                     ATTORNEY FOR PLAINTIFF

Subscribed and sworn to before me this 5th day of January, 2022.

TASHA DAWN PARKS
Notary Public State of Oklahoma
Commission # 22006216
My Commission Expires 05-03-2026

Court Clerk / Notary Public

EXHIBIT 2
Page 4 of 4